UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

Steven Jackson,

       Plaintiff,

    - against -

City of New York, New York City Police Department,
Officer Manny Bhotwani (Shield No. 7567), Officer
Armand Massaro (Shield No. 6305),

       Defendants.

------------------------------------------------------------

01 Civ. 10116 (RCC)

MEMORANDUM & ORDER

**RICHARD CONWAY CASEY, United States District Judge:**

  Plaintiff Steven Jackson brings this § 1983 and New York state law action alleging, inter alia, false arrest, malicious prosecution, and excessive force stemming from his arrest on January 12, 2000. This case was reassigned to this Court when the Honorable John S. Martin retired. Defendant City of New York[1] moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons explained below, Defendant's motion is granted.

**I. Background**

  Unless otherwise noted, the following facts are not in dispute and are viewed in the light most favorable to Plaintiff. Steven Jackson left his apartment at 445 East 120th Street on the evening of January 12, 2000 and walked toward Second Avenue to buy marijuana. Pltf. 56.1 Stmt. ¶¶ 1, 2. The individual Defendants, Detective Bhotwani and Detective Massaro, were part of a "buy and bust" operation in the area that night and were observing Plaintiff's activities. Id. ¶ 3; see also Mapp/Huntley/Dunaway Tr. at 13, at Montoya Decl. Ex. B. Jackson spoke with the man from whom he was intending to buy marijuana, put something in a garbage can, and later removed something from the same garbage can. Pltf. 56.1 Stmt. ¶¶ 4, 5. Jackson admitted that he placed and later retrieved marijuana from the garbage can. Id. ¶ 6.

  Plaintiff began running when he was approached by Detectives Bhotwani and Massaro, but claims he did so because they were carrying guns and did not identify themselves. Id. ¶ 8. Jackson tried to discard the marijuana and admits that he reached into his coat pocket while he was running away. Id. ¶¶ 10, 11. The chase ended when Plaintiff realized the men pursuing him

---

[1] The New York City Police Department is not a suable party. See Rossi v. New York City Police Department, No. 94 Civ. 5113 (JFK), 1999 WL 6599, at *5 (S.D.N.Y. Feb. 17, 1998) ("[T]he New York City Police Department is an organizational subdivision of the City of New York, lacking independent legal existence and as such is not a suable entity.").

were police officers. Id. ¶ 21. The police found marijuana on Jackson when they stopped, searched, and handcuffed him. Id. ¶¶ 12, 13, 16. The police told Jackson that they observed him throwing something while he was running and later recovered a gun in the public area where Jackson was fleeing. Id. ¶¶ 17, 18. Jackson admitted that he and Detective Massaro were "going at it" while he was being restrained and now claims he was beaten in his chest, groin, and head. Id. ¶¶ 16, 22; see also Jackson Dep. p 65, ll.2-6, at Montoya Decl. Ex. A. The medical records taken during his intake at Rikers Island do not indicate any physical injuries. Pltf. 56.1 Stmt. ¶ 24.

On May 15, 2000, a grand jury indicted Jackson with criminal possession of a weapon in the third degree. Id. ¶ 27. He was not charged with any drug-related offenses. Id. On November 1, 2000, after conducting a Mapp/Huntley/Dunaway hearing, the Honorable Charles Tejada of the Supreme Court, New York County, found probable cause for Plaintiff's arrest. Id. ¶ 28. Jackson was acquitted after a jury trial on November 8, 2000. Id.

Plaintiff filed the instant case on June 6, 2001. Id. ¶ 30. Jackson claims he filed a notice of claim, but did not receive a notice to sue informing him of the time limit in which he must file his lawsuit. Id. ¶¶ 31, 32. Finally, Jackson admits that the individual Defendants have not been personally served, but he contends they have notice of this lawsuit. Id. ¶ 37.

## II. Discussion
### A. Summary Judgment Standard

Summary judgment is appropriate where the parties' submissions demonstrate "that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In evaluating a summary judgment motion, the court must resolve all ambiguities and draw all inferences in favor of the non-moving party. Anderson, 477 U.S. at 255. The party seeking summary judgment bears the initial burden of showing that no genuine issue of fact exists. Celotex, 477 U.S. at 323. Once such a showing is made, the opposing party must present "specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e). However, the non-moving "may not rely on conclusory allegations or unsubstantiated speculation." Scott v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998).

### B. Individual Defendants Have Not Been Served

Plaintiff admits that the Individual Defendants have not been personally served. Pltf. 56.1 Stmt. ¶ 37. The Federal Rules of Civil Procedure provide that an individual may be served pursuant to the law of the forum state. Fed.R.Civ.P. 4(e)(1). In New York, such service is governed by section 308 of Civil Practice Law and Rules, which provides:

> Personal service upon a natural person shall be made . . . by delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the

person to be served at his or her actual place of business . . . .
N.Y.C.P.L.R. § 308(2) (McKinney 2001).

Jackson mistakenly believed the Individual Defendants' actual place of business was the 25th Precinct, and attempted to serve them there. He did not, however, mail a copy of the summons and complaint as required by C.P.L.R. § 308(2). Further, Plaintiff does not dispute that Corporation Counsel for the City of New York informed Plaintiff's counsel that the actual place of business for these Defendants was the East Harlem Initiative and provided that address on August 9, 2002. Plaintiff still did not serve these Defendants at their actual place of business. This failure is grounds for dismissal. See Fed.R.Civ.P. 4(m). Even if these Defendants had been served, however, as will be demonstrated below, Plaintiff has failed to demonstrate a genuine issue for trial against them.

### C. False Arrest and Malicious Prosecution

To state a claim for false arrest in New York, a plaintiff must show that "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003) (internal quotations and citations omitted) (explaining liability for false arrest also gives rise to liability under § 1983); see also Donahue v. Baker, 976 F. Supp. 136, 142 (N.D.N.Y. 1997) ("[T]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him . . . of a right, privilege or immunity secured by the United States Constitution or the laws or treaties of the United States.").

If there was probable cause to make the arrest, the false arrest claim will fail. Brome v. City of New York, 2004 WL 502645, at *3 (S.D.N.Y. Mar. 15, 2004) (citing Boyd v. City of New York, 336 F.3d 72, 75 (2d Cir. 2003)). "[P]robable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (explaining probable cause "constitutes justification and is a complete defense to an action for false arrest"); Illinois v. Gates, 462 U.S. 213, 244 n.13 (1983) (explaining probable cause requires only a "probability or a substantial chance of criminal activity, not an actual showing of such activity"); Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997) (explaining once a police officer reasonably believes he has probable cause, the officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest"). "A judicial finding of probable cause may be based 'on the totality of circumstances' faced by the officer at the time of the arrest." Brome v. City of New York, 2004 WL 502645, at *3 (citing Illinois v. Gates, 462 U.S. at 230)).

"To sustain a § 1983 claim of malicious prosecution, a plaintiff must demonstrate conduct by the defendant that is tortious under state law and that results in a constitutionally cognizable deprivation of liberty." Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003) (citing Singer v. Fulton County Sherif, 63 F.3d 10, 116-17 (2d Cir. 1995)). In New York, the plaintiff

3

must show that "(1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice." Id. Again, probable cause is a complete defense to a malicious prosecution claim. Savino v. City of New York, 331 F.3d at 72.

In New York, the fact that a grand jury indicted Jackson "creates a presumption that his arrest and indictment were procured with probable cause." Bernard v. United States, 25 F.3d 98, 104 (2d. Cir. 1994). "To rebut this presumption, the plaintiff 'must establish that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" Id. (quoting Colon v. City of New York, 468 N.Y.S.2d 453, 456 (1983)).

In light of the information the Detectives had at the time of Plaintiff's arrest, the Court finds they had probable cause to arrest him. There is no dispute that Detectives Bhojwani and Massaro were monitoring the neighborhood for drug activity when they observed Plaintiff's suspicious behavior. There is no dispute that Jackson ran away when the Detectives approached him. Nor is there any dispute that Jackson tried to throw something away while he was being chased, or that the officers found marijuana in his coat when he was arrested, or that they located a gun in the public area Jackson passed through during his flight. Under the totality of the circumstances, there can be no dispute that the police officers were reasonable in their belief that Jackson was undertaking criminal activity. The Court finds they had probable cause to arrest him.

Similarly, Plaintiff cannot rebut the presumption of probable cause arising out of his indictment. His argument that there could not have been probable cause to arrest or indict him because he was not charged with a marijuana-related offense does not suffice. The indictment on the gun charge and Judge Tejada's finding of probable cause support this Court's conclusion that there was probable cause to arrest and prosecute Jackson. The Defendant's motion for summary judgment on these claims are granted.

**D. Excessive Force**

The Supreme Court requires this Court to analyze Jackson's claim of excessive force under a "'reasonableness' standard." Graham v. Connor, 490 U.S. 386, 395 (1989). The Court must consider the "totality of the circumstances faced by the officer on the scene." Lennon v. Miller, 66 F.3d 416, 425 (2d Cir. 1995). Thus, the proper inquiry is "whether the officer's actions are 'objectively reasonable' in light of the facts and circumstances confronting him or her, without regard to his or her underlying intent or motivation." Rincon v. City of New York, No. 03 Civ. 8276 (LAP), 2005 WL 646080, at *4 (S.D.N.Y. Mar. 21, 2005) (quoting Graham v. Connor, 490 U.S. at 397. Jackson must establish "through evidence, that the 'alleged use of force is objectively sufficiently serious or harmful enough to be actionable.'" Rincon, 2005 WL 646080, at *4 (quoting United States v. Walsh, 194 F.3d 37, 50 (2d Cir. 1999)). "[N]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." Graham, 490 U.S. at 397. Accordingly, the Plaintiff must establish that the amount of force used was more than de minimus. See Romano v. Howarth, 998 F.2d

101, 105 (2d Cir. 1993).

Plaintiff does not offer any evidence in support of his excessive force claim. Jackson admitted that he and the Detective were "going at it" at the time of his arrest. Jackson Dep. p 65, ll.2-6, at Montoya Decl. Ex. A. A certain level of force in restraining Plaintiff was therefore reasonable. Further, the medical intake taken at Riker's Island the morning after his arrest indicates that Jackson was "well" and no symptoms of excessive force were noted. See Montoya Decl. Ex. H; see also Santiago v. C.O. Campisi, 91 F. Supp.2d 665, 674 (S.D.N.Y. 2000) (suggesting lack of medical evidence of injury may be enough to defeat excessive force claim) (citing U.S. v. Walsh, 194 F.3d 37, 50 (2d Cir. 1999)). Accordingly, summary judgment is granted to Defendant on Plaintiff's excessive force claim. See Rincon, 2005 WL 646080, at *5 (granting defendant summary judgment where plaintiff's allegations of excessive force were de minimus at best).

### E. Municipal Liability

Plaintiff's § 1983 claim against the City must be dismissed because Plaintiff cannot show that a policy or practice of the City caused the alleged deprivation of his rights. "To establish municipal liability for alleged constitutional violations, [a plaintiff] must prove that the defendants' actions against him were caused by a specific identifiable policy or that the challenged conduct resulted directly from a decision 'properly made by the government's authorized decision-makers.'" Flynn v. New York City Bd. of Educ., 2002 WL 31175229, at * 8 (S.D.N.Y. Sept. 20, 2002) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 (1978) and Penbaur v. City of Cincinnati, 475 U.S. 469, 481 (1986) and granting defendants' motion for summary judgment). Since Plaintiff has not proffered any admissible evidence in support of this claim, Defendants' motion for summary judgment on the municipal liability claim is granted.

### F. State Claims

New York requires the filing of a notice of claim before a suit is brought against a municipality and/or its employees. GML § 50-e. State law requires that "it shall appear by and as an allegation in the complaint or moving papers that at least thirty days have elapsed since the service of such notice [of claim] and that adjustment or payment thereof has been neglected or refused . . ." N.Y. Gen. Mun. Law § 50-i(b). The failure to comply with any condition is grounds for dismissal. Silberstein v. County of Westchester, 459 N.Y.S.2d 838 (2d Dep't 1983), aff'd, 62 N.Y.2d 675 (1984). The complaint in this action does not allege that a notice of claim was filed or that payment was refused. Plaintiff argues that, in his case, the summons and complaint was accepted in place of the notice of claim. Plaintiff is misguided. "A plaintiff's failure to file a notice of claim requires dismissal of pendant state tort claims against the City or its employees in a federal civil rights action such as this one." Robinson v. Matos, 97 Civ. 7144 (TPG), 1999 WL 225938, at *2 (S.D.N.Y. Apr. 16, 1999) (citing Felder v. Casey, 487 U.S. 131, 151 (1988)). Plaintiff's state law claims are dismissed.

## III. Conclusion

For the reasons explained above, Defendant's motion for summary judgment is granted in

225938, at *2 (S.D.N.Y. Apr. 16, 1999) (citing Felder v. Casey, 487 U.S. 131, 151 (1988)). Plaintiff's state law claims are dismissed.

### III. Conclusion

For the reasons explained above, Defendant's motion for summary judgment is granted in its entirety. The Clerk of the Court is asked to close the case.

**So Ordered:** New York, New York
June 28, 2005

_____
**Richard Conway Casey, U.S.D.J.**

Michael P. Mays, Esq.
95-02 Sutphin Boulevard
Jamaica, NY 11435

Conception Montoya, Esq.
Assistant Corporation Counsel
100 Church Street
New York, NY 10007